USDC SCAN INDEX SHEET










```
CGL    7/6/05    13:29
3:05-CV-00072    FAIR HOUSING COUNCIL V. PENASQUITOS
*12*
*O.*
```

FILED

05 JUL -5 AM 8:48

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF SAN DIEGO; JOANN REED; and MILTON RODGERS, JAMEL RODGERS and ANTWAN RAMSEY, minors, by their guardian ad litem, JOANN REED,<br><br>Plaintiffs,<br><br>vs.<br><br>PEÑASQUITOS CASABLANCA OWNER'S ASSOCIATION,<br><br>Defendant. | CASE NO. 05CV0072-LAB (RBB)<br><br>**ORDER DENYING MOTION TO DISMISS AND MOTION TO REJECT SUPPLEMENTAL JURISDICTION, AND GRANTING MOTION TO STRIKE STATE LAW PUNITIVE DAMAGES CLAIMS**<br><br>[Dkt No. 5] |

This matter is before the Court on defendant Penasquitos Casablanca Owner's Association's ("Association") FED. R. CIV. P. ("Rule") 12(b)(1) motion to dismiss this housing discrimination action for lack of subject matter jurisdiction, to have the Court decline supplemental jurisdiction over pendant state law claims, and to strike punitive damages ("Motion"). Plaintiffs are Joann Reed and her family, renters of a condominium unit whose owner is a member of the Association, and the Fair Housing Council of San Diego. They seek monetary, declaratory, and injunctive relief on allegations, among others, that the Association discriminates in housing on the basis of sex and familial status in violation of the federal Fair Housing Act ("FHA") and state law. The Court finds the issues

- 1 -

05CV0072

appropriate for decision on the papers and without oral argument, pursuant to Civil Local Rule 7.1(d)(2). The Motion is **DENIED IN PART** and **GRANTED IN PART**.

The Association hired a security guard who was allegedly a sex offender on parole after a recent release from prison and failed to notify residents of the guard's status. Plaintiffs allege that between February and July 2004, the guard entered Ms. Reed's dwelling on several occasions and engaged in unwelcome sexual advances. Ms. Reed alleges she advised the Association of the guard's misconduct, but the Association took no corrective action. She also alleges she obtained a restraining order in June 2004 prohibiting the guard from contacting her and provided a copy to the Association, but still the Association took no corrective action. The guard allegedly remained employed by the Association and continued to harass Ms. Reed, despite her complaints and the restraining order. In September 2004, plaintiffs allege the guard was arrested for his conduct toward Ms. Reed, had his parole revoked, and was returned to prison for the sexual battery of Ms. Reed, among other reasons.

In July 2004, Ms. Reed had lodged with plaintiff the Fair Housing Council ("Council") a complaint of housing discrimination at the Casablanca condominiums based on the guard's conduct in his capacity as an Association employee. The Council investigated her complaint and allegedly found the guard had a pattern and practice of harassing female residents. The Council's investigation also allegedly revealed the Association promulgated and enforced rules and regulations that discriminate against families with children because of their familial status. Based on that conduct, the Complaint alleges nine causes of action. The first claim for relief is alleged under the FHA, 42 U.S.C. § 3613(a)(1)(A),[1] ostensibly conferring federal question subject matter jurisdiction. 28 U.S.C. § 1331.[2] The other eight claims are alleged under state law.[3]

---

[1] "An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . to obtain appropriate relief with respect to such discriminatory housing practice or breach." 42 U.S.C. § 3613(a)(1)(A).

[2] "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[3] The Second Claim is alleged under the California Fair Employment And Housing Act, GOV. CODE §§ 12927, 12955 *et seq.* The Third through Fifth claims allege unlawful conduct under the Unruh Civil Rights Act, CAL. CIV. CODE §§ 51 *et seq.* for unlawful business practices, under the Bane Civil Rights Act, CAL CIV. CODE §§ 52.1 *et seq.*, and under California's unfair business practices statutes, CAL. B. & P CODE. §§ 17200

The Association moves to dismiss for lack of federal jurisdiction because plaintiffs purportedly have a statutory remedy under state law "parallel" to the relief available under the FHA, and thus their action does not "arise under" federal law within the meaning of 28 U.S.C. § 1331. Mot. 3:28-4:2. The Association accuses plaintiffs of forum shopping by alleging one federal claim "solely for the purpose of obtaining [federal] jurisdiction," whereas "an adequate and appropriate remedy exists at the state level." Mot. 4:3-18. From that premise, the Association argues the federal claim is "made wholly insubstantial by plaintiff's second claim" under California's Fair Employment Housing Act ("FEHA") and is "frivolous." Reply 2:16-23.

"[W]here the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court . . . must entertain the suit." Bell v. Hood, 327 U.S. 678, 681-82 (1946). However, "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes" (1) "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or (2) "where such a claim is wholly insubstantial and frivolous." Id. at 681-83; Republic of Philippines v. Marcos, 818 F.2d 1473, 1478 (9th Cir. 1987) (to secure federal subject matter jurisdiction, "the complaint must fulfill only two criteria: (1) it must 'claim a right to recover under the Constitution and laws of the United States,' and (2) the claim must not be 'wholly insubstantial and frivolous'"), quoting Keniston v. Roberts, 717 F.2d 1295, 1298 (9th Cir. 1983). "[W]hen a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiffs' substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is proper only when the allegations of the complaint are frivolous." Poulos v. Caesars World, Inc., 379 F.3d 654, 662 (9th Cir. 2004) (citation omitted); see also Cement Masons Health & Welfare Trust v. Stone, 197 F.3d 1003, 1008 (9th Cir. 1999) (federal subject matter jurisdiction exists so long as the federal claim is not frivolous, whether or not the averments state a ground for relief on which plaintiffs could actually prevail).

Plaintiffs allege the Association is liable for violations of the federal FHA. Compl. ¶¶ 2, 26. When the provisions of the FHA prohibiting discriminatory housing practices are violated, "[a]n

---

et seq. The Sixth Claim alleges assault and battery. The Seventh Claim alleges wrongful entry. The Eighth Claim alleges breach of the covenant of quiet enjoyment. The Ninth Claim alleges negligence.

aggrieved person may commence a civil action in an appropriate United States district court or State court . . . ." 42 U.S.C. § 3613(a)(1)(A). The Complaint alleges the Association "promulgated and enforced [housing] rules and regulations that discriminate against families with children because of their familial status." Compl. ¶ 19. The FHA prohibits discrimination in the sale or rental of housing based on familial status. *See* Gilligan v. Jamco Dev. Corp.,108 F.3d 246, 248, 251 (9th Cir. 1997) (observing that Congress extended FHA protections to familial status). The Complaint also alleges that the Association's security guard engaged in a pattern and practice of sexual harassment against female residents, including Ms. Reed, conduct that implicitly or explicitly was made a term or condition of rental or benefits of services and that created an intimidating housing environment. Compl. ¶¶ 12-15, 17. Courts in this and other circuits have found that sexual harassment can violate the federal FHA. *See* Beliveau v. Caras, 873 F. Supp. 1393, 1398 (C.D. Cal. 1995) (unwelcome sexual remarks and offensive touching support sexual harassment claim in violation of federal FHA).

Jurisdictional claims are to be reviewed "under an exceedingly generous standard." Marcos, 818 F.2d at 1478. A claim is only insubstantial and frivolous "where the law is clear or where a plaintiff has persistently failed to allege an essential element." Id. From the face of the Complaint, this Court finds it has subject matter jurisdiction based on rights asserted under federal statutory law prohibiting discriminatory housing practices. The Court further finds the federal claim is supported by material factual allegations and is not "wholly insubstantial and frivolous" nor "patently without merit" (Bell, 327 U.S. at 681-82), contrary to the Association's arguments. The Association cites no authority for the proposition that claims under the FHA or the FEHA are mutually exclusive. Whether a federal claim is "redundant" or "surplusage" to a state claim does not render the claim insubstantial or frivolous for purposes of defeating subject-matter jurisdiction. Plaintiffs may initiate their lawsuits in the forum of their choice from among those having subject matter and personal jurisdiction. The FHA expressly authorizes plaintiffs to file in either federal or state court at their election. 42 U.S.C. § 3613(a)(1)(A). Therefore, the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

The Association urges the Court to reject supplemental jurisdiction over the eight state law claims if it sustains federal jurisdiction over the FHA cause of action. Supplemental jurisdiction is

appropriately exercised when the state law claims and the federal law claims form part of the same case or controversy and the relationship among the claims "permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

> The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of federal issues, there is *power* in federal courts to hear the whole.

Gibbs. 383 U.S. at 725 (citations omitted); *see* Sea-Land Serv., Inc. v. Lozen Int'l, LLC, 285 F.3d 808, 814 (9th Cir. 2002) (claims found to be part of same case or controversy because they arose "from the same transaction and rely on identical facts for their resolution").

Even a loose factual connection between a state law claim and a federal law claim can be adequate to satisfy the requirements of "common nucleus of operative fact" and an expectation the claims normally would be tried together. Courts have discretion whether to exercise supplemental jurisdiction over pendant claims in order that they may be addressed "in the manner that accommodates a range of concerns and values." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172-73 (1997). The Association's own redundancy argument in support of dismissing the federal FHA claim when the FEHA claim purportedly covers the same conduct supports the exercise of supplemental jurisdiction on the basis of common nucleus of operative facts, and the Court so finds. The Court further finds such factors as economy, convenience, and fairness support its exercise of supplemental jurisdiction. *See* Carnegie-Mellon Univeristy v. Cohill, 484 U.S. 343, 357 (1988).

Finally, the Association moves to strike the punitive damages claims under California law. The Complaint seeks punitive damages under both federal and state law. Compl. ¶ 22. However, the plaintiffs consent to "the dismissal without prejudice of their punitive damages claims under California law in order to streamline the litigation of this action under Rule 16 of the Federal Rules of Civil Procedure." Opp. 2:1-4. Plaintiffs expressly retain their federal punitive damages claim, thus ensuring

the fact-finder need apply only one standard to decide the punitive damages issue.[4] The Court accordingly **GRANTS** the Motion To Strike.

For all the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

2. *Defendant's Motion to reject supplemental jurisdiction over plaintiffs' pendant state law claims is* **DENIED**.

3. Defendant's Motion To Strike the punitive damages claims arising under California law is **GRANTED**, and those punitive damages claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED: 7-1-05

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc:  MAGISTRATE JUDGE RUBEN B. BROOKS
     ALL COUNSEL OF RECORD

---

[4] "Because the state law imposes a higher standard than federal law for the imposition of punitive damages, compare Civ. Code § 3294 with Smith v. Wade, 461 U.S. 30, 54 (1983), the jury could be asked to assess defendant's conduct under two different standards. That issue is removed, however, with plaintiffs' voluntary dismissal of their state law punitive damages claims . . . ." Opp. 10:9-13. This distinction further undermines the Association's argument that plaintiffs have co-extensive remedies in both state and federal court and should have their forum selection prerogative rejected on that basis, with relegation to state court because the state law claims outnumber the federal, even if the same alleged conduct violates both federal and state statutory law.