## COURT'S INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is *my duty* to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return — that is a matter entirely up to you.

## COURT'S INSTRUCTION NO. 2

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which the lawyers have agreed or stipulated.

## COURT'S INSTRUCTION NO. 3

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## COURT'S INSTRUCTION NO. _ti_

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# COURT'S INSTRUCTION NO. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness' memory;

(3)    the witness' manner while testifying;

(4)    the witness' interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness' testimony;

(6)    the reasonableness of the witness' testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

# COURT'S INSTRUCTION NO. 6

You have heard testimony from a person who, because of education or experience, is permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## COURT'S INSTRUCTION NO. 7

You should decide the case as to each plaintiff separately. Unless otherwise stated, the instructions apply to all parties.

## COURT'S INSTRUCTION NO. 8

All parties are equal before the law and an incorporated homeowners' association is entitled to the same fair and conscientious consideration by you as any party.

# COURT'S INSTRUCTION NO. 9

Plaintiffs Joann Reed and the Fair Housing Council of San Diego allege that defendant Peñasquitos Casablanca Owner's Association is liable for violations of the federal Fair Housing Act and the California Fair Employment and Housing Act. Plaintiff Joann Reed further alleges defendant Peñasquitos Casablanca Owner's Association is liable for violations of the California Unruh Civil Rights Act and for violation of the California Bane Act. All of those laws prohibit sexual harassment in the rental of housing. As used in these instructions, the term "housing" includes the rental unit where Joann Reed lived at the Casablanca Condominiums.

## COURT'S INSTRUCTION NO. 10

Plaintiff claims that Kent McDonald violated each of the statutes I just named by sexually harassing plaintiff Joann Reed.   Plaintiffs further claim that the Peñasquitos Casablanca Owner's Association is responsible for that harm because Kent McDonald was acting as the Peñasquitos Casablanca Owner's Association's employee when he violated those laws.

## COURT'S INSTRUCTION NO. 11

Plaintiffs' first two claims are for violation of the federal Fair Housing Act and the California Fair Employment and Housing Act ("FEHA").

Plaintiffs may prove violations of those laws through the proof of intentional discrimination based on sex, including proof of discriminatory statements. I will describe each method of proof for you separately.

## COURT'S INSTRUCTION NO. 12

Plaintiffs may show that Kent McDonald violated the Fair Housing Act, the California FEHA, and the California Unruh Act by showing that he sexually harassed Joann Reed. Sexual harassment is a form of sex discrimination prohibited by the Fair Housing Act, FEHA and Unruh Act.

In order to establish that Joann Reed was sexually harassed by Kent McDonald, plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.  that Joann Reed was subjected to sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature;

2.  that the conduct was unwelcome;

3.  that the conduct was based on her sex or gender;

4.  that the conduct was sufficiently severe or pervasive to alter or interfere with the conditions of Ms. Reed's housing environment, in other words, that it made her tenancy significantly less desirable than if the conduct were not occurring;

5.  that a reasonable woman in Ms. Reed's circumstances would consider that the conduct made her tenancy significantly less desirable than if the harassment were not occurring; and

6.   that Ms. Reed herself believed that the conduct made her tenancy

significantly less desirable than if the conduct were not occurring.

## COURT'S INSTRUCTION NO. 13

Whether particular conduct constitutes sexual harassment is determined by looking at the totality of the circumstances, including the frequency of the conduct, the severity of the conduct, and whether the conduct was physically threatening or humiliating or a mere offensive utterance.

A single incident of conduct may constitute sexual harassment.

Conduct is unwelcome if the plaintiff did not solicit or invite the conduct and regarded the conduct as undesirable or offensive.

Unwelcome verbal conduct may include, but is not limited to, sexually explicit language, demand or comments.  Unwelcome physical conduct may include, but is not limited to contact with an intimate body part.

# COURT'S INSTRUCTION NO. 14

The federal Fair Housing Act and the California FEHA also prohibit discrimination in the terms and conditions of tenancy, or in the provision of services or facilities in connection therewith, because of sex or gender. Plaintiffs can establish violations of those provisions by showing by a preponderance of the evidence:

(1)     that Kent McDonald imposed different terms, conditions or privileges of tenancy, or denied or limited the services or facilities related to Joann Reed's tenancy; and,

(2)     That his conduct was based on Ms. Reed's sex or gender.

Plaintiffs are not required to prove that sex or gender was the sole reason for the action of Kent McDonald; plaintiffs are only required to show that sex or gender was one motivating factor behind his conduct.

## COURT'S INSTRUCTION NO. 15

The federal Fair Housing Act and California FEHA also prohibit threatening or intimidating any person in the enjoyment of their housing because of their sex. Plaintiffs can establish violations of those provisions by showing by a preponderance of the evidence:

1.   that Kent McDonald threatened or intimidated Joann Reed in the enjoyment of her housing; and

2.   that his conduct was based on Ms. Reed's sex or gender.

Plaintiffs are not required to prove that sex or gender was the sole reason for the action of Kent McDonald; plaintiffs are only required to show that sex or gender was one motivating factor behind his conduct.

## COURT'S INSTRUCTION NO. 16

Another way plaintiffs can prove a violation of the federal Fair Housing Act and California FEHA is by proof of discriminatory statements. The federal Fair Housing Act and FEHA make it unlawful to make any oral statement with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on sex.

A statement is discriminatory if it indicates to an ordinary listener a preference, limitation, or discrimination based on sex. Plaintiffs do not have to prove that the speaker intended to express such a message, or that the preference, limitation, or discrimination was the only message communicated by these statements. You may consider the context in which the statement was made in determining whether it communicates such a message.

# COURT'S INSTRUCTION NO. 17

Plaintiff Joann Reed's fourth claim is that Kent McDonald interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion with her fair housing rights in violation of the California Bane Act.

To establish this claim, plaintiff must prove all of the following:

1.  That Kent McDonald interfered with, or attempted to interfere with, plaintiff Joann Reed's rights under the federal and state fair housing laws by threats, intimidation, or coercion;

2.  That Joann Reed reasonably believed if she exercised her right to fair housing, Kent McDonald would commit violence against her or her property;

3.  That Joann Reed was harmed; and

4.  That Kent McDonald's conduct was a substantial factor in causing Joann Reed's harm.

# COURT'S INSTRUCTION NO. 18

Plaintiff Fair Housing Council of San Diego (which I will refer to as the "Fair Housing Council"), is non-profit organization permitted to bring suit under the Fair Housing Act and California Fair Employment and Housing Act on its own behalf for injury to its ability to carry out its efforts to assure equal access to housing and to eliminate unlawful housing discrimination. The Fair Housing Council does not need to show that it was the target of any discrimination by the defendant, so long as proves by a preponderance of the evidence that it was injured by a discriminatory housing practice committed by the defendant.

## COURT'S INSTRUCTION NO. 14

In this case, Kent McDonald was the employee of defendant Peñasquitos Casablanca Owner's Association.

If you find that Kent McDonald sexually harassed Joann Reed, then you must decide whether the Peñasquitos Casablanca Owner's Association is responsible for that harm.

The Peñasquitos Casablanca Owner's Association may be found responsible for Kent McDonald's conduct in several different ways.  I will now explain those.

## COURT'S INSTRUCTION NO. 20

The first way the Peñasquitos Casablanca Owner's Association may be found responsible for Kent McDonald's sexual harassment of Joann Reed is if you find that the Peñasquitos Casablanca Owner's Association or its property manager knew or should have known about Kent McDonald's conduct and failed to take appropriate corrective action to end the harassment.

## COURT'S INSTRUCTION NO. 21

A second way the Peñasquitos Casablanca Owner's Association may be found responsible for any harm caused by Kent McDonald is if you find he was acting within the scope of his employment with the Peñasquitos Casablanca Owner's Association when he sexually harassed Joann Reed.

Conduct is within the scope of employment if:

(a)    It is reasonably related to the kinds of tasks that the employee was employed to perform; or

(b)    It is reasonably foreseeable in light of the employer's business or the employee's job responsibilities.

An employee's unauthorized conduct may be within the scope of employment if the conduct was committed in the course of a series of acts authorized by the employer or the conduct arise from a risk inherent in or created by the job.

An employee's wrongful or criminal conduct may be within the scope of employment even if it breaks a  company rule or does not benefit the employer.

# COURT'S INSTRUCTION NO. 22

Finally, plaintiffs claim that defendant is responsible for the harm caused by Kent McDonald's conduct because it approved that conduct after it occurred. If you find that Kent McDonald harmed plaintiffs, you must decide whether defendant approved that conduct. To establish their claim, plaintiffs must prove all of the following:

(1)    That Kent McDonald intended to act on behalf of defendant;

(2)    That defendant learned of Kent McDonald's conduct after it occurred; and

(3)    That defendant approved Kent McDonald's conduct.

Approval can be shown through words, or it can be inferred from a person's conduct. Approval can be inferred if Penasquitos Casablanca Owner's Association voluntarily keeps the benefits of its representative's unauthorized conduct after it learns of the unauthorized conduct.

# COURT'S INSTRUCTION NO. 2³

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for a plaintiff on any of that plaintiff's claims, you must determine the plaintiff's damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants.

## COURT'S INSTRUCTION NO. 24

In the case of plaintiff Joann Reed damages may include:

(1)    any mental and emotional pain, humiliation and suffering experienced by the plaintiffs; and

(2)    any loss of use or enjoyment of ~~their~~ *her* tenancy experienced by the plaintiffs.

## COURT'S INSTRUCTION NO. _26_

While I said that damages must be proved, not all damages are susceptible to an exact determination.  If you find that a plaintiff suffered emotional distress or mental anguish as a result of the defendant's conduct, you should compensate the plaintiff for the harm done.

Emotional distress may be established through the testimony of the plaintiffs or other witnesses.  Even where no such testimony has been presented, you may infer emotional distress from the circumstances of the discrimination.  It is not necessary to present evidence of economic loss or medical evidence of mental or physical symptoms in order to receive compensatory damages for emotional distress.

## COURT'S INSTRUCTION NO. 26

In the case of plaintiff Fair Housing Council of San Diego, damages may include compensation for:

(1)    the effect of diverting its resources away from its other programs and activities in order to identify, investigate and counter-act the defendants' unlawful conduct; and

(2)    the frustration to its mission and purpose to promote equal opportunity in housing and the elimination of all forms of illegal housing discrimination.

In determining the amount to award the Fair Housing Council, you may consider the amount necessary to counter-act defendants' wrongdoing.

## COURT'S INSTRUCTION NO. 21

Plaintiffs have the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## COURT'S INSTRUCTION NO. 2̲8̲

The law which applies to this case authorizes an award of nominal damages. If you find for a plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

## COURT'S INSTRUCTION NO. 29

If you find for plaintiff Joann Reed on her Unruh Civil Rights Act claim, then the defendant is liable for each and every such offense for the actual damages suffered by the plaintiff, plus an additional amount, as determined by you, of up to three times the amount of actual damage, but in no case less than $4,000. This means that if you find in favor of plaintiff on her Unruh Civil Rights Act claim, you must award plaintiff the amount of her actual damages, plus an additional amount that is at least $4,000, or up to three times plaintiff's actual damages, whichever is greater.

## COURT'S INSTRUCTION NO. 30

If you decide that plaintiff Joann Reed has proved her Bane Act claim against defendant, you must award the following:

    (1)    Actual damages sufficient to reasonably compensate Joann Reed for the harm; and

    (2)    A civil penalty of $25,000.

## COURT'S INSTRUCTION NO. 31

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

# COURT'S INSTRUCTION NO. 32

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## COURT'S INSTRUCTION NO. 33

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.