# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF SAN DIEGO; JOANN REED; and MILTON RODGERS, JAMEL RODGERS and ANTWAN RAMSEY, minors, by their guardian ad litem, JOANN REED,<br><br>Plaintiffs,<br>vs.<br><br>PEÑASQUITOS CASABLANCA OWNER'S ASSOCIATION,<br><br>Defendant. | CASE NO. 05CV0072-LAB (CAB)<br><br>**ORDER RE POST-TRIAL MOTIONS**<br><br>[Dkt Nos. 100, 102, 104] |

On February 20, 2007, the court convened the hearing of the post-trial motions in this matter. Christopher Brancart, Esq. appeared for plaintiff Joann Reed. Jim Treglio, Esq. appeared for plaintiff Fair Housing Council. Gregory C. Kane, Esq. appeared for defendant Penasquitos Casablanca Owner's Association ("PCOA"). Each side opposed the other's motions. For the reasons discussed on the record, memorialized herein, plaintiffs' Motion For Injunctive Relief is **DENIED**, defendant's Motion For Judgment As A Matter Of Law is **GRANTED**, but only to the extent of the finding a $25,000 civil penalty award is unavailable to individual plaintiffs under the Bane Act, and plaintiffs' Motion To Amend The Pleadings To Conform To Evidence At Trial (converting the Bane Act foundation for the

awarded civil penalty to a Ralph Act foundation) is **GRANTED**, preserving the $25,000 civil penalty the jury awarded as a component of the verdict on that modified basis.

This case was tried on plaintiffs' civil rights and housing discrimination theories against defendant the Penasquitos Casablanca Owner's Association ("PCOA") for their conduct or omissions contributing to the sexual harassment of plaintiff Reed, then a Casablanca condominium complex resident, by a premises security guard PCOA employed. Multiple claims initially pled were abandoned before trial. The jury deliberated on the federal Fair Housing and the state civil rights and fair housing claims (Unruh Act and Bane Act). The jury's January 11, 2007 verdict found liability under the Fair Housing claims, both state and federal, the Unruh Act (CAL. CIV. CODE § 51.9. Sexual Harassment), and the Bane Act (CAL. CIV. CODE § 52.1, interference by threats, intimidation, or coercion with the exercise or enjoyment of individual rights secured by federal or state Constitutions or laws). The jury's verdict awarded to Reed $10,000 in total compensatory damages, $12,000 in statutory damages under the Unruh Civil Rights Act, statutory damages in the amount of $25,000 under the Bane Act, and $500 in compensatory damages to the Fair Housing Council. The parties filed post-trial motions.

Plaintiffs move for additional relief in the form of injunctions to require the PCOA, for a period of four years, to take specific actions to refrain from engaging in unlawful discrimination or harassment in housing rental, to impose fair housing training obligations on the volunteer members of the PCOA board, to post at the condominium complex premises a HUD equal housing opportunity poster, to require the PCOA to promulgate and require its employees to review a sexual harassment policy, and to report yearly to the Fair Housing Counsel its compliance with the terms of the injunctions. While injunctive relief can be a proper remedy in the fair housing context, the court is not mechanically obligated to grant an injunction for every violation of law, and under general principles for equitable relief, any such relief should be targeted to the particular conduct or omission giving rise to the particular violation of fair housing laws.

As is more fully recited on the record, the court finds as Ms. Reed no longer resides at the Casablanca condominium complex, she would not benefit from any injunctive relief imposed against the PCOA. In contrast to the defendant in Harris v. Itzhaki, 183 F.3d 1043 (9th Cir. 1999), the court also finds PCOA has no involvement in the business of renting housing or determining who may be

a tenant through prohibited discriminatory criteria or in any manner, rendering the requested injunctive relief too remote from any conduct or remedial need established at trial. Moreover, plaintiffs' unpublished authority in support of its Motion is distinguishable in that the courts there were approving injunctive relief the parties themselves had fashioned into a consent decree. In addition, the court has expressed reservations throughout this litigation that the unique circumstances of the conduct giving rise to this lawsuit make it a close call whether the case even falls within fair housing policies and statues, including the federal fair housing law upon which federal jurisdiction was predicated. The circumstances certainly fall outside the arena of the usual fair housing cases. The facts of this case reveal no endemic or even isolated discriminatory practice rectifiable by a mandatory injunction of the kind plaintiffs seek. The PCOA does not engage in offering housing, conditioning tenancies on any criteria, or perpetuating particular tenancies. The court is unable to articulate any purpose related to the substance of this case to be served by granting any of the aspects of the injunctions requested. Finally, "[i]n each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Production Co. v. Village of Gambell, Alaska, 480 U.S. 531, 542 (1987). The PCOA board is a voluntary group whose service should not be unnecessarily burdened with requirements remote from their responsibilities predicated on an isolated instance of sexual harassment by a now-former employee unrelated to any condition of housing targeted by traditional fair housing concerns. Plaintiffs' Motion For Injunctive Relief is accordingly **DENIED**.

The PCOA moves for judgment as a matter of law that the Bane Act does not support the jury's award of a $25,000 civil penalty when the prevailing plaintiff is an individual as opposed to a government entity or official. There is no dispute this case was nominally tried under the Bane Act, and only after the trial and the jury's award of the statutory penalty has the PCOA demonstrated such an award is unavailable to these private plaintiffs. Plaintiffs now acknowledge they are not entitled to any civil penalty award under the Bane Act. The PCOA is manifestly correct the $25,000 civil penalty award cannot stand as a matter of law if predicated on the Bane Act, and to that extent the motion is **GRANTED**.

/ / /

However, as part of their opposition to defendant's motion, plaintiffs identify a different statutory basis for their claim, the Ralph Act, which does provide for a $25,000 civil penalty to a prevailing private litigant. They move to amend the pleadings to conform to the evidence, in the form of denominating the Ralph Act rather than the Bane Act as the foundation for the jury's award of a $25,000 civil penalty. The court elects to reach the merits of that motion, although the briefing schedule set for post-trial motions makes the motion technically late. The first explication of the Bane Act civil penalty problem was presented in the PCOA's motion, and plaintiffs admit they had not caught the eligibility impediment to the civil penalty award they sought under the Bane Act.

Plaintiffs rely on FED.R.CIV.P. ("Rules") 15(b) and 54(c) in support of their Motion to avoid striking the statutory penalty award that would occur if the court grants the PCOA's Motion For Judgment As A Matter Of Law without recharacterizing the Bane Act claim as a Ralph Act claim. They ask the court to "construe the pleadings as amended pursuant to Rule 15(b)[1] to state a claim under the Ralph Act, Civil Code § 51.7, providing for imposition of the $25,000 penalty" or "in the alternative, the Court should sustain the jury's $25,000 award as relief to which plaintiff is entitled pursuant to Rule 54(c)."[2] Opp./Mot. 15:15-19. Plaintiffs support their arguments with authority demonstrating Bane Act cases and Ralph Act cases have been sometimes loosely treated by litigants and courts as associated with the Unruh Civil Rights Act, with the technical distinctions not always clearly delineated. *See, e.g.,* Stamps v. Superior Court, 136 Cal.App.4th 1441, 1449-50 (2006) (an

///

---

[1] Rule 15(b) provides (emphasis added): "(b) Amendments to Conform to the Evidence. **When issues not raised by the pleadings are tried** by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings **as may be necessary** to cause them **to conform to the evidence and to raise these issues** may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely **when the presentation of the merits of the action will be subserved thereby** and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense **upon the merits**. . . ."

[2] Rule 54(c) provides, in pertinent part (emphasis added): ". . . "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, **even if the party has not demanded such relief in the party's pleadings**." In this case, plaintiffs expressly demanded the statutory penalty relief in their prayer for relief, but under a statutory provision that does not allow for that recovery (*i.e.*, the Bane Act): "2. Awards statutory damages to each plaintiff against each defendant **pursuant to the Unruh Civil Rights Act and Bane Civil Rights Act**. . . " Compl. 9:22-23.

employment discrimination case discussing and distinguishing Bane Act and Ralph Act civil rights actions from Unruh Civil Rights actions).

Plaintiffs contend: "The primary difference between the Ralph Act and the Bane Act is that the Ralph Act requires that the intimidation by threat of violence be committed against persons or property *because of* their membership in a protected class" (Cal. Civ. Code § 51.7(a)), whereas "the Bane Act does not limit its protection to specific protected classes -- it extends protection to all persons whose state or federal rights are violated, regardless of their membership in a protected class" (Cal. Civ. Code § 52.1(a)). Opp./Mot. 7:21-27. Plaintiffs argue in this case "the same evidence establishing the threat of violence in violation of the Bane Act established the threat of violence and acts of intimidation under the Ralph Act" because the conduct involved sexual harassment in violation of the Fair Housing Act and FEHA, necessarily implicating the protected class status of sex or gender. Opp./Mot. 8:5-11. They conclude "the nature of the federal and state laws interfered with here necessarily imported a 'because of sex' requirement into the Bane Act Violation," supported by jury instructions, warranting construction as *de facto* a Ralph Act claim. Opp./Mot. 8:24-2 . As Reed prevailed on her allegations of the underlying misconduct, plaintiffs argue she is entitled to the civil penalty award available to her under the Ralph Act, and the pleading should be amended to save that award by replacing the Bane Act citation with the Ralph Act citation, with the trial construed as having actually proceeded under the Ralph Act.

The court finds, as plaintiffs argue, there was no seriously erroneous result in the award of the $25,000 civil penalty because the evidence and prosecution of this case were adequate to support a finding for plaintiffs under either the Bane Act or the Ralph Act, and it was contemplated throughout the proceedings that if liability were found from the underlying conduct, the jury was to award a $25,000 statutory civil penalty, which it did. The court finds the case was tried in substance as sexual harassment, with the violation proved to the satisfaction of the jury and with no reversibly erroneous result as to liability. Accordingly, the court **GRANTS** plaintiffs' motion to conform the pleading to the evidence and to substitute the designation of the Ralph Act for the pleading-denominated Bane Act theory of recovery. A $25,000 civil penalty is available to a prevailing individual plaintiff under the Ralph Act. Accordingly, the jury's civil penalty award will not be disturbed.

1   For all the foregoing reasons, **IT IS HEREBY ORDERED:**

2   1.   Plaintiff's Motion For Injunctive Relief is **DENIED**.

3   2.   Defendant's Motion For Judgment As A Matter Of Law to acknowledge no $25,000 civil penalty is available to private persons suing under the Bane Act is **GRANTED**.

3.   Plaintiffs' Motion To Amend The Pleading is **GRANTED**, to substitute for the denominated Bane Act claim a denominated Ralph Act claim.

4.   Plaintiffs' counsel shall prepare a [Proposed] Judgment reflecting the jury's verdict and the results of the parties' Post-Trial Motions. The parties shall meet and confer regarding the content of the [Proposed] Judgment, including the amount of the attorneys' fee award to which the prevailing plaintiffs are entitled, the agreed amount of which shall be incorporated in to the [Proposed] Judgment.

5.   Should the parties fail to agree upon the amount of plaintiffs' attorneys' fees award, the court anticipates it will refer any such dispute to Magistrate Judge Cathy Ann Bencivengo for a facilitated agreement or, failing that result, for a Report and Recommendation on the issue of the amount of an appropriate attorneys' fees award.

**IT IS SO ORDERED**.

DATED: February 21, 2007

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge