UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF SAN DIEGO; JOANN REED; and MILTON RODGERS, JAMEL RODGERS and ANTWAN RAMSEY, minors, by their guardian ad litem, JOANN REED,<br><br>Plaintiffs,<br><br>v.<br><br>PENASQUITOS CASABLANCA OWNER'S ASSOCIATION,<br><br>Defendant. | Civil No.   05-CV-0072 LAB (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING MOTION BY PLAINTIFF JOANN REED FOR AWARD OF FEES AND COSTS**<br>**[Doc. # 114]** |

## I. INTRODUCTION

Before the Court is Plaintiff Joann Reed's application for attorneys' fees pursuant to 42 U.S.C. §3613(c)(2), California Govt. Code §12989.2, and California Civil Code §52. Plaintiff was represented by the firm of Brancart & Brancart. For the reasons set forth below, the Court recommends Plaintiff's application be **GRANTED**, and fees and costs be awarded in the amount of $168,673.83.

## II. BACKGROUND

Plaintiff Joann Reed was a tenant at the Penasquitos Casablanca condominiums. She resided there with her two sons, Milton and Jamel Rodgers and her grandson, Antwan Ramsey. Kent McDonald was employed by defendant, the Penasquitos Casablanca Owner's Association ("PCOA"), as a member of the property patrol. Ms. Reed was sexually harassed in her home by Mr. McDonald during the time

he was employed by the PCOA.

On January 14, 2005, Ms. Reed filed a complaint against the PCOA for compensatory and punitive damages and injunction relief on her own behalf and as guardian *ad litem* on behalf of her children for violations of the Federal Fair Housing Act; California Fair Employment and Housing Act; California Unruh Civil Rights Act; California Bane Civil Rights Act; California Unfair Business Practices Act; Assault and Battery; Wrongful Entry; Breach of the Covenant of Quiet Enjoyment; and Negligence. Ms. Reed alleged in part that the PCOA engaged in gender discrimination in violation of her civil rights and those of her children due to its inaction in response to her complaints about Mr. McDonald's sexual harassment. She also alleged that the PCOA unlawfully retaliated against her and her family due to her complaints about Mr. McDonald, forcing her family to vacate their home.

At the time the parties submitted their proposed Pre-Trial Order, on August 15, 2006, Plaintiff elected to narrow her claims to the Federal and State Fair Housing Acts and the State Civil Rights Acts based on discrimination and retaliation and the breach of the covenant of quiet enjoyment. When trial commenced on January 3, 2007, Plaintiff further narrowed her claims to only the Federal and State Fair Housing Acts and the State Civil Rights Acts based only on discrimination by reason of sexual harassment on behalf of herself and her children. Before the case went to the jury, the Court dismissed the claims of the children and the punitive damages claim. The jury found that PCOA violated the Federal and/or State Fair Housing Act, the California Unruh Civil Rights Act and the California Bane Act with respect to Ms. Reed. She was awarded a total of $47,000: $10,000 for the Fair Housing Act violation; $12,000 for the Unruh Civil Rights Act violation and a $25,000 penalty for the Bane Act violation.

Plaintiff's post-trial motion for injunctive relief was denied. Defendant's post-trial motion dismissing the $25,000 penalty awarded to Plaintiff pursuant to the Bane Act, which does not provide for penalties in cases brought by private individuals, was granted. The Court, however, allowed Plaintiff to amend the pleading to conform to the evidence and reinstated the penalty under the California Ralph Act, Civil Code §51.7.

On May 14, 2007, Plaintiff filed her application for an award of attorneys' fees and costs. On May 31, 2007, Defendant filed its opposition. On June 15, 2007, Plaintiff filed her reply.

### III.  LEGAL STANDARD

The Federal Fair Housing Act provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." 42 U.S.C. §3613(c)(2).  The California Fair Employment and Housing Act also provides the court with discretion to award fees. *See* Cal. Govt. Code §12989.2.  The California Civil Code also provides for an award of fees against persons who violate the Unruh Civil Rights Act or the Ralph Act. *See* Cal. Civil Code §52.

A prevailing plaintiff in a federal civil rights case should recover attorneys' fees unless special circumstances would make an award of fees unjust. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Ms. Reed is a prevailing plaintiff.  The jury returned a verdict in her favor on all the civil rights actions presented to it.  The prevailing party inquiry does not turn on the magnitude of the relief obtained.  "The degree of the plaintiff's success does not affect eligibility for a fee award." *Farrar v. Hobby,* 506 U.S. 103, 114 (1992).  Ms. Reed is entitled to recover fees.

Defendant contends that the court should limit plaintiff's fee recovery because her success was limited.  Plaintiff started with nine claims, five of which were abandoned by plaintiff after two years of litigation just prior to trial.  Further defendant contends plaintiff's monetary recovery was extremely limited on the four claims that were submitted to the jury. *See* PCOA's Brief in Opposition to Plaintiffs Motion for Attorney's Fees ("PCOA Brief"), at 4.  Defendant urges that the court in its discretion can award low fees or no fees, to a civil rights plaintiff who receives such limited success. *Id.* at 3-4, *citing Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).

In this case, Ms. Reed was awarded $47,000.  Her complaint did not specify a demand.[1]  By contrast, the plaintiff in *Farrar* demanded $17 million from six defendants and received $1 from one defendant, exemplifying the type of victory that does not merit a fee award. *Farrar,* 506 U.S. at 116 (O'Connor concurring).  This court does not conclude that a verdict in the amount of $47,000 was such an "extremely limited" recovery for plaintiff that the Court should deny the fees entirely.  The degree of the plaintiff's overall success does, however, go to the reasonableness of a fee award.  "The most critical

---

[1] Defendant's opposition references settlement demands made by plaintiff Reed and her counsel prior to trial to support its argument that her award was limited in comparison to her demand and therefore the court should limit her fee recovery.  Settlement conference discussions are privileged and confidential, *see* Civ.L.R. 16.3 (h), and the Court will not consider those discussions in assessing fees.

factor in determining the reasonableness of a fee award is the degree of success obtained." *Id.* at 114.

The calculation of a reasonable fee award involves a two-step process. First, the court must calculate the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. Taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are: "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; (4) the results obtained; and (5) the contingent nature of the fee agreement." *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir 1996). The second step involves the district court, in its equitable discretion, adjusting this amount "on the basis of other considerations." *Lytle v. Carl*, 382 F.3d 978, 988 (9th Cir. 2004).

The prevailing attorneys bear the burden of establishing entitlement to an award and must document the appropriate hours expended and hourly rates. *Hensley*, 461 U.S. at 437. Once the applicants submit evidence of the appropriate hours spent on litigation, "the party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). Applicants should make a good faith effort to exclude excessive, redundant, or otherwise unnecessary hours from a fee request. *Hensley,* 461 U.S. at 434. "The district court has a great deal of discretion in determining the reasonableness of the fee." *Gates*, 987 F.2d at 1398.

## IV.  ANALYSIS

Plaintiff requests attorneys' fees in the amount of $254,799.00 based on the following submission:

| Biller | Hours (Adjusted) | Hourly Rate | Lodestar |
|---|---|---|---|
| Christopher Brancart (Attorney) | 480.2 | $350 | $168,070.00 |
| Elizabeth Brancart (Attorney) | 199.2 | $350 | 69,720.00 |
| Katja Thomas (Sr. Paralegal) | 64.6 | $120 | 7,752.00 |

| | | | |
|---|---|---|---|
| Dena Reiner (Paralegal) | 69.6 | $95 | 6,612.00 |
| David Winbourne (Litigation Support) | 29.2 | $50 | 1,460.00 |
| Jordan Cohen (Litigation Support) | 23.7 | $50 | 1,185.00 |
| **Total:** | | | $254,799.00 |

*See* Reed's Reply to Opposition to Motion for Award of Attorney's Fees and Costs ("Reed's Reply"), at 14. The time records for each biller as well as the declarations of Christopher Brancart and Elizabeth Brancart were submitted in support of plaintiff's fee application. See Reed's Brief in Support of Motion for Award of Attorney's Fees and Costs ("Reed's Brief") and Exhibits thereto.

  A. **<u>Reasonable Hourly Rate</u>**

  A reasonable hourly rate is calculated according to the prevailing market rates in the relevant community. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). The community where the court sits is the relevant market for determining reasonable fees. *Deukmejian*, 987 F.2d at 1405. Christopher Brancart and Elizabeth Brancart each claim an hourly rate of $350. In addition to their declarations stating that this rate is in line with those prevailing in the community, the Brancarts submitted the declarations of four other attorneys practicing in the Southern District of California doing similar work, who support the Brancarts' assertion that their hourly rate and the rates of their staff were reasonable for this case. *See* Declaration of Elizabeth Brancart in Support of Award of Attorneys' fees and Costs ("E.Brancart Decl."), Exs.10-13.

  Defendant does not challenge the reasonableness of the Brancarts' rate or those of their paralegals and litigation support staff. The rates requested by plaintiff are reasonable.

  B. **<u>Hours Reasonably Expended</u>**

  The hours claimed by plaintiff in her application reflect certain deductions made from the total hours incurred by Brancart & Brancart. First, Elizabeth Brancart reviewed the time records of the paralegals and litigation support staff and eliminated 52.4 hours, a total of $3,826.00, for time she

determined should not be billed to a "fee-paying client." *See* E. Brancart Decl. at ¶21.

With that deduction, the total time incurred by Brancart & Brancart during the 29 months of litigation (up to and including the filing of the reply brief for the fee application) on behalf of all four plaintiffs for all nine causes of action was reported by Elizabeth Brancart as:

| Biller | Hours |
|---|---|
| Christopher Brancart (Attorney) | 592.9 |
| Elizabeth Brancart (Attorney) | 213.1 |
| Katja Thomas (Sr. Paralegal) | 69.6 |
| Dena Reiner (Paralegal) | 85.4 |
| David Winbourne (Litigation Support) | 35.7 |
| Jordan Cohen (Litigation Support) | 30.2 |
| **Total:** | 1,026.9 |

From this total time, Ms. Brancart eliminated a total of 36.8 hours of time she attributed to (1) the representation of the three minor children who were not prevailing parties, (2) the dismissal of the retaliation claim, (3) the time spent solely on the issue of punitive damages, and (4) time spent on jury instructions and verdict forms. *See* E. Brancart Decl. at ¶¶ 22-27. Ms. Brancart then made a 5% across-the-board reduction of the hours spent by counsel and staff in order to take into account any time that was spent in "an unnecessary, inefficient or duplicative manner." *Id.* at ¶28.

In its opposition to plaintiff's fee application, defendant contended that plaintiff's retention of counsel from Pescadero was unnecessary and that qualified attorneys in San Diego could have handled this case. PCOA Brief at 9-10. Defendant, therefore, argued the time and expenses incurred for travel were unnecessary and should be deducted. In response, Christopher Brancart eliminated an additional 74.6 hours from his time attributable solely to his travel from Northern California to San Diego for this case.

After the deductions set forth above, the resulting total was 866.5 hours equaling fees of $254,799.00. *See* Reed's Reply at 14.

| Biller | Total Hours | Reduction and 5% | Adjusted Hours |
|---|---|---|---|
| Christopher Brancart (Attorney) | 592.9 | -(9.1 + 29.0 + 74.6 for travel) | 480.2 |
| Elizabeth Brancart (Attorney) | 213.1 | -(3.8 + 10.1) | 199.2 |
| Katja Thomas (Sr. Paralegal) | 69.6 | -(1.6 + 3.4) | 64.6 |
| Dena Reiner (Paralegal) | 85.4 | -(12.1 + 3.7) | 69.6 |
| David Winbourne (Litigation Support) | 35.7 | -(5.0 + 1.5) | 29.2 |
| Jordan Cohen (Litigation Support) | 30.2 | -(5.2 + 1.3) | 23.7 |
| **Total:** | 1026.9 | -(36.8 + 49.0 + 74.6) | 866.5 |

Defendant also challenged time billed by Elisabeth and Christopher Brancart for the preparation and argument of the post-trial motions. The plaintiff did not prevail on the post-trial motions for injunctive relief. Moreover, the time spent by plaintiff on the motion to substitute the Ralph Act for the Bane Act to correct plaintiff's own pleading error should not be borne by defendant. A review of the time billed by Elisabeth Brancart between January 22, 2007, and February 20, 2007, shows 33.7 hours attributable to the post-trial motion work and 7.7 hours of Christopher Brancart's time attributable to post-trial motion work. This time, 41.4 hours at $350 an hour, is appropriately deducted reducing the fee claim by $14,490 to a total of $240,309.00.

Finally, defendant challenges the overall reasonableness of the hours claimed by Brancart & Brancart contending it is more time than can be reasonably attributed to the representation of Ms. Reed alone on the four causes of action on which she prevailed. Defendant contends the hours claimed by plaintiff's counsel, nearly double the total time spent by defense counsel, are excessive and unreasonable. PCOA Brief at 9. The court concurs that the hours claimed, 825.1, even after the deductions made by plaintiff's counsel and the court, are excessive given the circumstances of this litigation and the results obtained.

The case started with nine causes of action which were pursued by plaintiffs for 17 months. Ultimately the plaintiffs only proceeded with four claims at trial. While there was undoubtedly an

overlap in the discovery of the facts supporting the various claims, there was also discovery, investigation and analysis unique to each. Brancart & Brancart represented four individuals throughout this case with distinct claims for damages arising out of at least two distinguishable accusations asserted against defendant. First, all four plaintiffs claimed damages resulting from the failure of the PCOA to take immediate action to cease the harassment by Mr. McDonald. The children, as well as Ms. Reed, claimed emotional distress resulting from the PCOA's failure to stem Mr. McDonald's harassment. Each minor child's claim had to be individually investigated, verified, was the subject of discovery and witness interviews, and had to be prepared for settlement negotiations and ultimately presented at trial.

Second, plaintiffs alleged damages resulting from actions taken unfairly by the PCOA in retaliation of Ms. Reed's complaints regarding Mr. McDonald. They claimed that Ms. Reed and her family were falsely accused of improper behavior on the premises and violations of homeowner rules, and were harassed by the PCOA after the McDonald incident was resolved, so that the plaintiffs were forced to move. Damages for the wrongful retaliation allegation involved claims of lost or reduced housing benefits resulting from the forced relocation and emotional distress to all the plaintiffs resulting from their diminished lifestyle.

The minors were not prevailing parties, so time incurred by Brancart & Brancart in the preparation and presentation of their claims is not recoverable by Ms. Reed. The retaliation claim was abandoned after the Pre-Trial Conference but before trial commenced, by all plaintiffs including Ms. Reed, so time incurred to investigate, research, and prepare that claim is not recoverable by Ms. Reed.

Brancart & Brancart only identified and eliminated a total of 36.8 hours from the total 1026.9 incurred in the litigation for time spent on (1) the investigation, discovery and preparation of the claims of the minors, (2) the retaliation action, (3) the punitive damage claim and (4) for time specific to the preparation of the jury instructions and verdict forms,[2] approximately 3.5% of the total time spent on this case. Ms. Brancart asserts that the retaliation claim was just a subset of the sexual harassment claim, and only identified 0.9 hours billed by Christopher Brancart that was specific to the retaliation claim. *See* E.Brancart Decl. at ¶24. The allegations regarding wrongful retaliation, however, were different in time

---

[2]There is no specific accounting for time spent on behalf of the children or abandoned causes of action in the preparation of the complaint, other pleadings, pre-trial submissions or settlement documents.

and nature and the damages alleged were distinct from the sexual harassment claims. It is unreasonable to represent that a mere 0.9 hours was spent on this claim, including the discovery, analysis and preparation of it, during the entire the two years of this litigation. It is unreasonable to represent that an average of only 12 hours per minor child was spent on the assessment and development of their individual claims, including the collection and review of medical and school records, interviews of potential witnesses to their damage claims, interviews of the children themselves directly related to their damages for both the sexually harassment and the retaliation claims, responding to discovery, preparation for settlement negotiations and preparation for trial.

The court has the discretion to adjust the fee award in consideration of the overall relief obtained in relation to the hours expended on the litigation. *Lytle*, 382 F.3d at 989. An award of fees in the amount of $240,309.00, based on the hours claimed by Brancart & Brancart, even after the deductions set forth above, would be excessive in light of the plaintiff's recovery of $47,000, the denial of injunctive relief, dismissal of the claims of the children during trial, and the abandonment before trial by plaintiff of five of the nine causes of action. This court therefore recommends that the fee award be reduced by approximately one-third, to account for the time spent by counsel in pursuit of abandoned claims and on behalf of non-prevailing parties, and in light of the award plaintiff received on the remaining claims in the litigation, for a total fee award of $161,000.00.

### C.     Costs and Expenses

A prevailing party may recover as part of the fee award out-of-pocket expenses that attorneys normally charge to fee paying clients. *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). The requested expenses must be reasonable. *Harris v. Marhoefer*, 24 F.3d 16, 20 (9th Cir. 1994).

Plaintiff claims $16,001.51 in costs and expenses and submitted detailed report in support of her claim. *See* E. Brancart Decl., Ex. 16. Although plaintiff's counsel deducted his travel time in recognition of defendant's contention that the engagement of out-of-town counsel was unnecessary, he did not reduce his cost bill to exclude the expenses for his travel. The travel expenses incurred by counsel to come to San Diego from Pescadero should also be deducted, including airfare, lodging, car rental, airport parking, meals and other travel expenses, a total of $7,615.68. Also, there is no indication by plaintiff that the expenses claimed for document copying/scanning were reduced to account for charges incurred on behalf

the minor children's claims or abandoned claims. The total for document copying/scanning was $2,155.38, and the court reduces that claim by one-third ($712.00) to account work done on behalf of the minors and on abandoned claims.

The court recommends a total award for costs and expenses in the amount of $7,673.83.

## V.  CONCLUSION AND RECOMMENDATION

Based upon the foregoing discussion, this Court **RECOMMENDS** that Plaintiff Joann Reed, as prevailing party, be awarded $161,000.00 in attorneys' fees and $7,673.83 in costs and expenses for a **total award of $168,673.83.**

This Report and Recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **September 14, 2007.**  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be filed and served **no later than 10 days after being served with the Objections**. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Y1st*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  August 31, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge