UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF SAN DIEGO; JOANN REED; and MILTON RODGERS, JAMEL RODGERS and ANTWAN RAMSEY, minors, by their guardian ad litem, JOANN REED,<br><br>Plaintiffs,<br><br>v.<br><br>PENASQUITOS CASABLANCA OWNER'S ASSOCIATION,<br><br>Defendant. | Civil No.   05-CV-0072 LAB (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING THE MOTION BY PLAINTIFF FAIR HOUSING COUNCIL OF SAN DIEGO FOR AWARD OF FEES AND COSTS**<br>**[Doc. # 115]** |

## I. INTRODUCTION

Before the Court is Plaintiff Fair Housing Council of San Diego's application for attorneys' fees pursuant to 42 U.S.C. §3613( c)(2) and California Govt. Code §12989.2. Plaintiff was represented by James Treglio. For the reasons set forth below, the Court recommends Plaintiff's application be **DENIED.**

## II. BACKGROUND

The Fair Housing Council of San Diego ("the FHCSD") is a non-profit organization. Its mission is to promote fair housing throughout San Diego County. One of its specific goals is to assure equal access to housing and the elimination of unlawful housing discrimination in San Diego.

In July 2004, the FHCSD received a complaint from co-plaintiff Joann Reed, a resident of the

Penasquitos Casablanca condominiums that defendant, the Penasquitos Casablanca Owner's Association ("PCOA"), employed an individual who was sexually harassing her at her residence and the PCOA failed to respond to her complaints. The FHCSD investigated and concluded the PCOA engaged in a pattern and practice of sexual harassment against female residents and that the PCOA promulgated and enforced rules and regulations that discriminated against families with children because of their familial status.

The FHCSD filed a complaint with co-plaintiff Reed on January 14, 2005, against the PCOA, alleging a pattern or practice of discriminatory housing practices based on sex and/or familial status, and seeking compensatory damages and punitive damages for having to investigate and counter-act the PCOA's unlawful conduct, and for injunctive relief.

At the time the Pre-Trial Order was entered the FHCSD still alleged that the PCOA discriminated based on both sex and familial status. Before trial commenced however, the FHCSD withdrew its claim that the PCOA discriminated based on familial status and proceeded only on the sex discrimination claim based on co-plaintiff Reed's allegations. The Court dismissed the punitive damages claim before the case went to the jury. The jury found that PCOA violated the Federal and/or State Fair Housing Act. The jury awarded the FHCSD $500 in compensatory damages for its expenses incurred in counter-acting the discrimination. *See* FHCSD Notice of Joinder and Separate Brief Regarding Fees ("FHCSD Brief") at 2 (the jury awarded $500 in damages "most likely for FHCSD's anti-discriminatory advertising to the residents of PCOA").

Plaintiff's post-trial motion for equitable relief in the form of various injunctions was denied. On May 14, 2007, Plaintiff filed its application for an award of attorneys' fees and costs in the amount of $64,809.69. *See* FHCSD Brief, Ex. 3-4. On May 31, 2007, Defendant filed its opposition. On June 15, 2007, Plaintiff filed its reply.

### III. DISCUSSION

The Federal Fair Housing Act provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." 42 U.S.C. §3613(c)(2). The California Fair Employment and Housing Act also provides the court with discretion to award fees. *See* Cal. Govt. Code §12989.2.

A prevailing plaintiff in a federal civil rights case should recover attorneys' fees unless special circumstances would make an award of fees unjust. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The FHCSD is a prevailing plaintiff. The jury returned a verdict in its favor on the Federal and State Fair Housing Acts. The prevailing party inquiry does not turn on the magnitude of the relief obtained. "The degree of the plaintiff's success does not affect eligibility for a fee award." *Farrar v. Hobby,* 506 U.S. 103, 114 (1992).

That notwithstanding, defendant contends that the court should deny this plaintiff fees entirely because its success was so limited. All plaintiff's claims for equitable relief were denied, and the plaintiff's monetary recovery was nominal. *See* PCOA's Brief in Opposition to Plaintiffs Motion for Attorney's Fees ("PCOA Brief"), at 4. Defendant urges that the court in its discretion can award low fees or no fees to a civil rights plaintiff who receives such limited success. *Id.* at 3-4, *citing Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).

The FHCSD's success was nominal in relation to the relief it sought. Plaintiff's success in this matter can be characterized as a technical victory. The plaintiff in this case received none of the injunctive relief or punitive damages it sought. The compensatory damage award did not even cover the expenses the FHCSD claimed it incurred in the matter. Plaintiff's witness Mary Scott Knoll testified the FSCSD incurred 80 hours of investigation at $6.25 an hour and prepared and distributed 500 anti-sexual harassment flyers within the Penasquitos Casablanca community at $1.00 per flyer. See FHCSD' Brief at 2-3. The damage award to fully compensate this plaintiff for its expenses was $1,000 at a minimum, yet the jury only awarded half that amount and the court awarded no equitable relief. Such a result is a technical victory at best in comparison to the relief sought. By contrast in *Fischer,* although the ADA plaintiff did not receive any money, the court found he achieved the equitable relief that was the goal of his claim. The court therefore concluded, contrary to defendant's contention, that his victory was not technical. *Fischer*, 214 F.3d at 1120.

The degree of the plaintiff's overall success does go to the reasonableness of a fee award.[1]  "The most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar,* 506 U.S. at 114.  "The district court has a great deal of discretion in determining the reasonableness of the fee." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  With regard to this plaintiff, the recovery does not justify the award of fees.  This Court therefore recommends that the FHSCS's fee application be denied.

## IV.  CONCLUSION AND RECOMMENDATION

Based upon the foregoing discussion, this Court **RECOMMENDS** that Plaintiff FHCSD's application for fees and costs be **DENIED**.

This Report and Recommendation is submitted to the United States District Judge, assigned to this case, pursuant to 28 U.S.C. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before **September 18, 2007.**  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be filed and served **no later than 10 days after being served with the Objections**.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Y1st*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  September 4, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

---

[1] The prevailing attorneys bear the burden of establishing entitlement to an award and must document the appropriate hours expended and hourly rates. *Hensley*, 461 U.S. at 437.  Applicants should make a good faith effort to exclude excessive, redundant, or otherwise unnecessary hours from a fee request. *Id.* at 434. Plaintiff's application for fees in an amount more than 100 times greater than its recovery, makes no reductions for time spent on dismissed and unsuccessful claims. Furthermore, it incorporates time spent by Mr. Treglio working for co-plaintiff Reed, such as preparing her for trial. *See* FHSCS Brief at 3. The FHCSD cannot recovery for attorney time or expenses incurred to litigate the co-plaintiff's separate claims.   The application is not limited to the work done for FHSCS on the claims upon which it prevailed. Plaintiff's application does not even attempt to meet its burden to establish hours reasonably expended in pursuit of claims upon which it prevailed.